

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600   (503) 727-1000
Portland, OR 97204-2902   Fax (503) 727-1117

May 13, 2015

Lisa J. Ludwig
Attorney at Law
811 SW Naito Parkway
Suite 500
Portland, OR 97204

Re:   *United States v. Julia Lynn Haner;* Case No. 3:14-CR-136-MO-02
      Plea Offer

Dear Ms Ludwig:

1.   **Parties/Scope**:   This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any other charges other than those specifically mentioned herein.

2.   **Charges**:   Defendant agrees to waive indictment and plead guilty to Count 1 of the information, charging a violation of the Mann Act under 18 U.S.C. § 2421.

3.   **Penalties**:   The maximum sentence for a violation of the Mann Act under 18 U.S.C. § 2421 is 10 years' imprisonment, a fine of up to $250,000, a lifetime of supervised release (with a mandatory minimum supervision term of five years), and a $100 fee assessment.

4.   **Dismissal/No Prosecution**:   The USAO will move to dismiss at sentencing any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.   **Sentencing Factors**:   The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).   Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.   **Acceptance of Responsibility**:   Defendant must demonstrate to the Court that she fully admits and fully accepts responsibility under USSG § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level (three levels if defendant's offense level is 16 or higher). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional

Lisa J. Ludwig
*United States v. Julia Lynn Haner*
May 13, 2015
Page 2

criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

7.  **Guideline Calculation**:   The parties are making no agreement with respect to defendant's advisory guideline range.

8.  **Sentencing Recommendation**:   So long as defendant continues to demonstrate an acceptance of responsibility, the parties agree to jointly recommend a sentence of 48 months' imprisonment, to be followed by a 5-year term of supervised release.

9.  **Waiver of Appeal/Post-Conviction Relief**:   Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the Court sentences her to a term of imprisonment longer than 48 months.   Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.   Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

10. **Court Bound**: This plea agreement is entered into under Fed. R. Crim. P. 11(c)(1)(C). Defendant understands that the Court may accept this agreement, reject it, or defer its decision until a presentence report has been prepared.   If the Court accepts this agreement, the Court will be bound by the sentence described in Paragraph 8 above.   If the Court rejects this agreement, defendant shall have the right to withdraw her guilty pleas, and the parties shall be free to proceed as if this agreement did not exist.

11. **Full Disclosure/Reservation of Rights**:   The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.   Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Abandonment of Property**:   By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to any property that was seized by law enforcement in this case.

13. **Breach of Plea Agreement**:   If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

////

////

Lisa J. Ludwig
*United States v. Julia Lynn Haner*
May 13, 2015
Page 3

14.  **Total Agreement**:  This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied, except as agreed to by both parties on the record in open court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.  This offer expires on May 20, 2015, at 5:00 p.m.

        Sincerely,

        S. AMANDA MARSHALL
        United States Attorney

        /s/ Craig J. Gabriel

        CRAIG J. GABRIEL
        Assistant United States Attorney

I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney.  I expressly waive my right to appeal as outlined in this agreement.  I am satisfied with the legal assistance provided to me by my attorney.  I wish to plead guilty because, in fact, I am guilty.

6/15/15
Date                                        JULIA LYNN HANER - Defendant

I represent defendant as legal counsel.  I have carefully reviewed and discussed every part of this agreement with defendant.  To my knowledge defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

6/15/15
Date                                        LISA J. LUDWIG - Attorney for Defendant