BILLY J. WILLIAMS, OSB #901366
Acting United States Attorney
District of Oregon
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorney
Craig.Gabriel@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR  97204
Telephone: (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  3:14-CR-00136-02-MO |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JULIA LYNN HANER, | Sentencing Hearing:   September 28, 2015 |
| **Defendant.** | 11:00 a.m. |

The United States of America, through Billy J. Williams, Acting United States Attorney for the District of Oregon, and Craig J. Gabriel, Assistant United States Attorney, hereby submits the following sentencing memorandum for the Court's review.

On June 15, 2015, defendant pled guilty to a single-count Information charging a violation of the Mann Act.  The defendant was originally released from custody pending trial. She had multiple pretrial release violations, including using controlled substances, cutting her location monitoring bracelet, absconding from supervision, and engaging in prostitution advertising.  Defendant is now in the custody of the United States Marshals Service awaiting sentencing.

/ / / /

I.      **FACTUAL BACKGROUND**

The Presentence Investigation Report, at paragraphs 12 – 18, summarizes the offense conduct to which the defendant pled guilty.  In late February 2014, the defendant recruited a 17 year-old girl to participate in prostitution.  The defendant knew that the victim was only 17 years old, because the two of them were acquaintances in high school.  The victim had never engaged in prostitution activity before she was recruited by the defendant.  The defendant and her codefendant, Konrod Mason, transported the victim to Vancouver, Washington, where the defendant and her codefendant took pictures of the victim and had those photos posted to backpage.com to advertise prostitution services.

The defendant arranged for the victim to engage in prostitution in Vancouver, Portland, and Eugene over the course of two weekends.  The defendant reserved the hotel rooms and placed the backpage.com advertisements for the prostitution enterprise.

The police recovered the victim from the defendant and codefendant later on March 11, 2014.  On March 26, 2014, the FBI contacted the defendant and codefendant at a hotel in Portland.  The FBI informed the defendant and codefendant that they were being investigated for engaging in sex trafficking of a minor.  The defendant and codefendant were not arrested at that time.

Instead of stopping her sex trafficking activities, the defendant attempted to persuade yet another young woman, who was 20 years old, to engage in prostitution.  The defendant and codefendant were grooming this young woman to prostitute for them, and they took the young woman shopping and bought her expensive clothes.  But before this young woman could begin prostituting, the defendant and codefendant were arrested in this case on April 6, 2014.

As noted in the Presentence Investigation Report, the defendant was released from custody, and then had multiple pretrial release violations. While the defendant was on abscond status, she was arrested in San Francisco, California, on July 28, 2014, while recruiting another young woman into prostitution. At the time of defendant's arrest, the young victim had been assaulted by an associate of the defendant. "The victim of the assault told the police that [the assailant] was a known pimp, and he and defendant were trying to recruit her to work as a prostitute." *See* PSR, ¶ 10.

In total, between February and July 2014, the defendant attempted to recruit at least one minor female (the charged victim) and two other young women into prostitution.

## II.    GUIDELINE CALCULATION

The government agrees with the advisory guideline range calculated by the U.S. Probation Office. The government contends that defendant's Total Offense Level is 29 and that defendant is in Criminal History Category I. The advisory guideline range, before variances, is therefore 87 – 108 months' imprisonment.

## III.    SENTENCING RECOMMENDATION

Pursuant to the plea agreement under Rule 11(c)(1)(C), the parties are jointly recommending a sentence of 48 months' imprisonment, to be followed by 5 years of supervised release. Such a sentence would constitute a downward variance from the advisory guideline range, but the government believes that the variance is appropriate based on the mitigating background discussed in the defense's sentencing letter to the Court.

/ / / /

/ / / /

## IV. CONCLUSION

The government believes that a sentence of 48 months in prison, to be followed by 5 years of supervised release, with the conditions set forth in the Presentence Investigation Report, is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a).

DATED this 25th day of September, 2015.

                                    Respectfully submitted,

                                    BILLY J. WILLIAMS
                                  Acting United States Attorney

                                  */s/ Craig J. Gabriel*
                                  CRAIG J. GABRIEL, OSB #012571
                                  Assistant United States Attorney